## Case No. 17,018.

### VOWELL v. BACON.

[4 Cranch, C. C. 97.] [1]

Circuit Court, District of Columbia. Nov. Term, 1830.

#### SEAMEN'S WAGES—LIEN—MASTER.

A master of a vessel has no lien for his wages, on goods consigned to his owners.

Trover, by the assignee of a bill of lading given by the defendant as master of the brig Numa, for sundry bags of money consigned to the owners of the brig.

[1] [Reported by Hon. William Cranch, Chief Judge.]

The facts appeared to be, that J. & J. Harper, owners of the brig Numa, Ebenezer Bacon, master, shipped a cargo at Alexandria on board the brig, consigned to S. D. Harper, their super-cargo. After this shipment and before the return of the brig, J. & J. Harper failed, and assigned this outward cargo to the plaintiff, John C. Vowell, for valuable consideration, and assigned to the plaintiff the bills of lading of the return cargo.

The defendant, the master of the brig, refused to deliver up the bags of money unless the plaintiff would pay him his wages due by J. & J. Harper, and others, his owners.

Mr. Hodgson and Mr. Mason, for defendant, contended that he had a right to do so, and cited Downam v. Matthews, Prec. Ch. 580, and Godin v. Assurance Co., 1 Burrows, 489.

Mr. Taylor, contra. A master of a vessel has no general lien upon the consignments to his owners for a general balance of account due to him by them. There is no special lien; no advance upon the faith of those consignments. He was a common carrier. He was not intrusted with the property, except as a mere common carrier. A general balance of account cannot be set off in trover for specific goods. J. & J. Harper had complete control over the outward cargo in the hands of S. D. Harper, their super cargo and consignee, and they assigned to the plaintiff for valuable consideration, who thereby acquired the legal title. The consignment to S. D. Harper did not transfer the legal title to him. It only gave him a power to sell as the factor of J. & J. Harper. But it is unimportant whether the assignment of the outward bill of lading gave the plaintiff a legal title; he had an equitable right to it, and could have compelled the factor. S. D. Harper, to account for the proceeds, and if the legal title remained in J. & J. Harper they transferred it to the plaintiff.

THE COURT (nem. con.) was of opinion and so instructed the jury, at the prayer of the plaintiff's counsel, that the defendant had no right to detain the bags of money, against his bill of lading, for a balance of general account due to him by the owners of the vessel, who had assigned the bill of lading to the plaintiff for a valuable consideration.

Verdict for the plaintiff, $1137.75. with interest from the 24th of December, 1827.